FILED

2013 Jan-04 PM 12:29
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | |
|---|---|
| **ANDREW KOCHER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION NO: 7:13-cv-00009-LSC** |
| | ) |
| **CAROLINE YOUNG,** | ) |
| | ) |
| **Defendant.** | ) **JURY TRIAL DEMANDED** |
| | ) |
| _____ | ) |
| | ) |
| **CAROLINE A. YOUNG,** | ) |
| | ) |
| **Counterclaim Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **ANDREW KOCHER;** | ) |
| **ASHLEY KOCHER;** | ) |
| **WESTMINSTER FARMS, L.L.C.;** | ) |
| **PARAMORE FARMS, INC.;** | ) |
| | ) |
| **Counterclaim Defendants.** | ) |

## ANSWER & COUNTERCLAIM

COMES NOW the defendant, Caroline Young, and Answers Plaintiff Andrew Kocher's Complaint as follows:

1. Admitted.

2. Denied in part. Young is a resident of the State of South Carolina.

3.      Young admits the existence of the attached agreements. However, the express terms of the agreement states that it does not become binding until signed by both parties and, therefore, Young denies the dates alleged in Kocher's Complaint.

4.      Young denies all material allegations contained in this paragraph.

5.      Denied.

6.      Denied. Further, the terms of the agreement do not provide for attorney's fees.

7.      Denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The defendant pleads not guilty.

### SECOND DEFENSE

The defendant avers that venue is improper.

### THIRD DEFENSE

The defendant avers that service is improper.

### FOURTH DEFENSE

The defendant denies each and every material allegation and demands strict proof thereof.

## FIFTH DEFENSE

The defendant pleads the affirmative defense of accord and satisfaction.

## SIXTH DEFENSE

The defendant pleads the affirmative defense of duress.

## SEVENTH DEFENSE

The defendant pleads the affirmative defense of estoppel.

## EIGHTH DEFENSE

The defendant pleads the affirmative defense of failure of consideration.

## NINTH DEFENSE

The defendant pleads the affirmative defense of fraud.

## TENTH DEFENSE

The defendant pleads the defense of lack of subject matter jurisdiction.

## ELEVENTH DEFENSE

The defendant pleads the defense of lack of jurisdiction over the person.

## TWELFTH DEFENSE

The defendant pleads the affirmative defense of illegality.

## THIRTEENTH DEFENSE

The defendant states this matter is due to be dismissed as the complaint was filed outside of the applicable statute of limitations.

## FOURTEENTH DEFENSE

With regard to punitive damages, the defendant pleads the following punitive damages defenses:

1.      Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States, and Article I Section 6 of the Constitution of Alabama, on the following grounds:

a.      It is in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against civil defendants upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b.      The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

c.      The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendants, which thereby violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

d.      The procedures pursuant to which punitive damages are awarded fail to provide specific standards, or provide vague or insufficient standards, for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

e.      The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

f.     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

g.     The procedures pursuant to which punitive damages are awarded fail to require that an award of punitive damages be proportioned, or bear a reasonable relationship, to the actual harm incurred.

h.     The procedures pursuant to which punitive damages are awarded fail to provide mitigating factors for the jury's consideration in awarding punitive damages.

2.     Plaintiff's claim of punitive damages violates the Due Process Clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

a.     It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon civil defendants upon the plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b.     The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the defendants;

c.     The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

d.     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

e.     The award of the punitive damages in this case constitutes a deprivation of property without due process of law.

3.     Plaintiff's attempt to impose punitive or extra-contractual damages on this Defendant, on the basis of vicarious liability for the conduct by others, violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Alabama Constitution.

4.     The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Alabama Constitution.

5.     The award of punitive damages against the Defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

6.     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the amount established by the legislature under Ala. Code Section 27-1-17 (1975), in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution and Article I, Section 6, of the Alabama Constitution.

## FIFTEENTH DEFENSE

The defendant specifically reserves the right to amend her Answer as future discovery may dictate.

## SIXTEENTH DEFENSE

The defendant pleads the affirmative defense of waiver.

## SEVENTEENTH DEFENSE

The defendant pleads the affirmative defense of laches.

## EIGHTEENTH DEFENSE

The defendant pleads the affirmative defense of payment.

## NINETEENTH DEFENSE

The defendant pleads the affirmative defense of statute of frauds.

## TWENTIETH DEFENSE

The plaintiff is not the real party in interest.

## TWENTY-FIRST DEFENSE

The plaintiff did not join all necessary parties.

## TWENTY-SECOND DEFENSE

The defendant avers that this is not a valid contract.

## TWENTY-THIRD DEFENSE

The defendant avers that there was never a meeting of the minds.

## TWENTY-FOURTH DEFENSE

The defendant pleads the affirmative defense of the contract is indefinite.

## TWENTY-FIFTH DEFENSE

The defendant pleads the affirmative defense of the contract is void.

## TWENTY-SIXTH DEFENSE

The defendant pleads the affirmative defense of the vague and ambiguous.

## TWENTY-SEVENTH DEFENSE

The defendant pleads the affirmative defense of the fraud in the inducement.

## COUNTERCLAIM

COMES NOW Counterclaim Plaintiff Caroline A. Young, pursuant to Fed. R. Civ. P. 13, 19, & 20,[1] and files this Counterclaim as follows:

## STATEMENT OF PARTIES, JURISDICTION AND VENUE

1.     Counterclaim Plaintiff Caroline A. Young is an individual resident of the State of South Carolina and over 19 years of age.

2.     Counterclaim Defendant Andrew Kocher (hereinafter "Kocher") is an individual resident of Tuscaloosa County, Alabama and over 19 years of age. Kocher is an owner and operates under the alter ego of Westminster Farm d/b/a Paramore Farms, Inc; Westminster Farms, L.L.C.; and/or Paramore Farms, Inc.

3.     Counterclaim Defendant Ashley Kocher (hereinafter "Ashley Kocher") is an individual resident of Tuscaloosa County, Alabama and over 19 years of age. Ashley Kocher is an owner and operates under the alter ego of Westminster Farm d/b/a Paramore Farms, Inc; Westminster Farms, L.L.C.; and/or

---

[1] Ashley Kocher; Westminster Farms, L.L.C.; and Paramore Farms, Inc., though nonparties to the original action, are properly joined as counterclaim defendants under Fed. R. Civ. P. 13(h). Charles Wright, Arthur Miller, and Mary Kane, Federal Practice & Procedure § 1435 (3d ed. 2010); accord FDIC v. Bathgate, 27 F.3d 850, 873 & n. 13 (3d Cir. 1994); Glynn v. EDO Corp., 641 F.Supp. 2d 476; 479 n. 3 (D. Md. 2009); Kirkcaldy v. Richmond County Bd. of Educ., 212 F.R.D. 289, 298–99 (M.D.N.C. 2002). Fed. R. Civ. P. 13(h) requires only that, at the time a counterclaim is to be asserted against a nonparty under the provisions of Rule 19 or 20, one or more counterclaims already be asserted against an existing party or that they be asserted at the same time (i.e., in the same pleading) as the counterclaim against the nonparty. Ashley Kocher; Westminster Farms, L.L.C.; and Paramore Farms, Inc. are properly added pursuant to Fed. R. Civ. P. 19 and/or Fed. R. Civ. P. 20. In the alternative, Young seeks leave of Court and so moves that Ashley Kocher; Westminster Farms, L.L.C.; and Paramore Farms, Inc. be added as parties pursuant to Fed. R. Civ. P. 19 and/or Fed. R. Civ. P. 20.

Paramore Farms, Inc. Ashley Kocher is a necessary party that is an individual subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction.

4.      Counterclaim Defendant Westminster Farms, L.L.C. (hereinafter "Westminster") is an Alabama limited liability company with its principal place of business in Tuscaloosa County, Alabama. Westminster is the junior company in the Paramore Farms, Inc. enterprise and operates under the alter ego of Paramore Farms, Inc. Furthermore, Westminster is a necessary party that is an entity subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction.

5.      Counterclaim Defendant Paramore Farms, Inc. (hereinafter "Paramore") is an Alabama corporation with its principal place of business in Tuscaloosa County, Alabama. Paramore is the parent corporation to, does business as, and/or operates under the alter ego of Westminster Farms, L.L.C. Furthermore, Paramore is a necessary party that is an entity subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction.

6.      Venue is proper in the District Court for the Northern District of Alabama, as the original action was removed to this Court from the Circuit Court of Tuscaloosa County, Alabama, on diversity jurisdiction grounds. Venue was originally appropriate in Tuscaloosa County, Alabama, as Kocher and Ashley

Kocher are residents of Tuscaloosa County, Alabama and a substantial part of the transactions or occurrences which form the basis of Kocher's initial claim and Young's counterclaim occurred in Tuscaloosa County, Alabama. Furthermore, Westminster and Paramore's principal place of business is Tuscaloosa County, Alabama and a substantial part of the transactions or occurrences which form the basis of Young's Counterclaim occurred in Tuscaloosa County, Alabama.

7.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391 in that the counterclaim defendants reside, transact business, and are found in this district and a substantial part of the events giving rise to the claims at issue in this Complaint occurred in this district.

8.     This Court has jurisdiction over the counterclaim defendants pursuant to 28 U.S.C. § 1332 and the supplemental jurisdiction provided by 28 U.S.C. § 1367 because complete diversity exists between Young and the counterclaim defendants and the amount in controversy exceeds $75,000.

## FACTS COMMON TO ALL COUNTS

9.     Young is a full-time amateur equestrian. Young developed a career plan to show horses in Wellington, Florida and throughout Europe, but needed specific horses to do so.

10.     The facts giving rise to this action commenced when Young entered the market to purchase specific high-quality horses to use for a particular purpose

in her profession. Through various contacts, Young learned that the counterclaim defendants had such horses.

11.     On July 15, 2012, Young travelled to Tuscaloosa, Alabama to meet with Kocher at Westminster Farms to view the counterclaim defendants' horses available for purchase.

12.     During this visit, Young became interested in purchasing a horse named Espoir. Kocher represented to Young that Espoir was a gelding Belgian Warmblood born in 2005.

13.     On or about July 20, 2012, Young and the counterclaim defendants entered into an agreement[2] to purchase two horses, Espoir and PuppetMaster. As part of the purchase, Young agreed pay $105,000.00 and to trade to the counterclaim defendants a horse named VDL Zulu Time.

14.     The agreement, drafted by the counterclaim defendants, listed the three horses with only the following descriptions (respectively, PuppetMaster, Espoir, and VDL Zulu Time):

### Description

| Sex | Breed | USEF# | Color, Markings, Brands, Tattoos Etc. |
|-----|-------|-------|---------------------------------------|
| G   | Czech | 5218023 | chesnut |

---

[2] Attached as an exhibit to Plaintiff's Complaint.

**Description[3]**

| Sex | Breed | USEF# | Color, Markings, Brands, Tattoos Etc. |
|---|---|---|---|
| G | 5189235 | belgium | chesnut |

**Description**

| Sex | Breed | USEF# | Color, Markings, Brands, Tattoos Etc. |
|---|---|---|---|
| g | warmblood | 5037024 | bay |

15.     On or about July 20, 2012, VDL Zulu Time was shipped from Aiken, South Carolina to the defendants in Tuscaloosa, Alabama.

16.     On or about July 23, 2012, Kocher delivered Espoir and PuppetMaster to Young in Lexington, Kentucky.

17.     Young soon discovered that PuppetMaster was not suitable for an amateur rider and on or about August 4, 2012, the counterclaim defendants agreed to a return of PuppetMaster. This gave rise to the execution of an amended agreement.[4]

18.     In or around August 2012, Young registered Espoir with the Young Jumper Championships in order to show Espoir in the finals for the 2005 age group. Young's registration was rejected because Espoir was, actually, one year older than represented by the counterclaim defendants.

---

[3] Error in original document.
[4] Attached as an exhibit to Plaintiff's Complaint.

19.     Espoir was registered with The United States Equestrian Federation ("USEF") and was assigned registration number 5037024. Rather than Espoir's actual date of birth, June 25, 2004, Espoir's registration with the USEF listed January 1, 2005 as the date of birth.

20.     The counterclaim defendants represented to Young that Espoir was a seven-year old gelding Belgian Warmblood old born in 2005, when actually, on the date of purchase, Espoir was eight-years old and born in 2004.

21.     Espoir's age was a material fact in the transaction. This fact was integrated into the purchase agreement through Espoir's USEF registration number, which misrepresents Espoir's birth year as 2005.

22.     The counterclaim defendants' misrepresentation of Espoir's age to Young was an act of fraud, bad faith, unconscionability, a negligent omission, and/or a mistake in fact.

23.     The fact that Espoir was born in 2004 and not in 2005 is fatal to Young's plan and purpose. Although Espoir could, hypothetically, be competitive as a horse born in 2005, Espoir cannot be competitive as a horse born in 2004.

24.     As a result of the counterclaim defendants' actions and inactions, set out herein, Young has suffered and claims all injuries and damages, compensatory, special, and punitive, including, but not limited to:

    a.     Aggravated, vindictive, exemplary, and punitive damages;

b.      Monthly farm and stable expenses;

c.      Monthly horse insurance premiums;

d.      Maintenance and upkeep;

e.      Transportation expenses;

f.      Training expenses;

g.      Veterinary and medical expenses;

h.      Mental anguish and/or emotion distress;

i.      Lost profits, wages, winning, and/or earnings;

j.      Loss of use and/or enjoyment;

k.      Young has lost the benefit of the bargain;

l.      Expectation damages;

m.      Young's cost to "cover" to procure substitute goods;

n.      Expenses reasonably incurred in inspection, receipt, transportation, care, and custody of the horse(s);

o.      Commercially reasonable charges, expenses, or commissions in connection with effecting cover and any other reasonable expense incident to the counterclaim defendants' delay and breach;

p.      Attorney's fees and costs for civil lien in Florida;

q.      Attorney's fees and costs prior to this action arising from or out of the transaction or occurrences made the basis of this counterclaim;

14

r.      Attorney's fees and costs for this action;

## COUNT I

### FRAUDULENT INDUCEMENT

25.     Young adopts and incorporates Paragraphs 1–24 above as if set forth herein.

26.     The counterclaim defendants contracted with Young for the purchase of a horse, Espoir, which was represented to be born in the year 2005. This misrepresentation was reported to the USEF and was listed in Espoir's USEF registration.

27.     The counterclaim defendants had knowledge or belief that the representations regarding Espoir's date of birth were false (or knowledge that they had an insufficient basis for making the representations).

28.     Espoir's date of birth was a fact material to the transaction.

29.     The counterclaim defendants, and each of them, had a duty to disclose the true nature of all known material facts pertaining to Espoir's date of birth.  The counterclaim defendants had exclusive knowledge of all such material facts and such material facts were not known or reasonably accessible to Young.

30.     The concealment of the true facts from Young was done with the intent to induce Young to enter into an agreement to purchase Espoir and PuppetMaster and trade VDL Zulu Time.

31.    Young's reliance on statements made by the counterclaim defendants was justified because of the counterclaim defendants' professional reputation in the equestrian community, because Espoir was registered with USEF with the false date of birth, and because the counterclaim defendants were in the best position to have information pertaining to Espoir's date of birth, pedigree, and lineage.

32.    As a result of the false representations, Young entered into a purchase and trade agreement with the defendants and suffered damages as more fully set forth herein and in an amount to be proved at trial.

33.    The counterclaim defendants had actual knowledge of the fact that the representations were in fact false, and for these reasons, and because the conduct by the counterclaim defendants was malicious, oppressive, unconscionable, wanton, and/or fraudulent, Young is, therefore, entitled to punitive damages to make an example of and to punish the counterclaim defendants in addition to actual damages.

34.    As a result, Young is, in the alternative, entitled to rescission of the contract and the return of any and all money or property given, plus interest and expenses.

WHEREFORE, Young demands judgment against the counterclaim defendants, jointly and severally, in a sum of compensatory and/or punitive damages in excess of the jurisdictional limits of this Court, which will fairly and

adequately compensate Young for the damages and injuries she sustained, together with interest from the date of the incident and the costs of the proceeding.

## COUNT II

### FRAUDULENT SUPPRESSION

35.     Young adopts and incorporates Paragraphs 1–34 above as if set forth herein.

36.     The counterclaim defendants had a duty to disclose to Young all existing material facts; specifically, Espoir's true date of birth.

37.     The counterclaim defendants knew Espoir's true date of birth and concealed or suppressed Espoir's true date of birth.

38.      The counterclaim defendants' suppression induced Young to enter into a purchase agreement with the counterclaim defendants, remit money to the counterclaim defendants, and to trade VDL Zulu Time to the counterclaim defendants.

39.     Young suffered actual damage as a proximate result.

WHEREFORE, Young demands judgment against the counterclaim defendants, jointly and severally, in a sum of compensatory and/or punitive damages in excess of the jurisdictional limits of this Court, which will fairly and adequately compensate Young for the damages and injuries she sustained, together with interest from the date of the incident and the costs of the proceeding.

## COUNT III

### FRAUDULENT MISREPRESENTATION

40.     Young adopts and incorporates Paragraphs 1–39 above as if set forth herein.

41.     The counterclaim defendants falsely represented to Young that Espoir was born in 2005.

42.      Espoir's date of birth was a material fact in the transaction between Young and the counterclaim defendants.

43.     Young relied upon the counterclaim defendants' false representation.

44.     Young suffered actual damage as a proximate result of the counterclaim defendants' false representation.

WHEREFORE, Young demands judgment against the counterclaim defendants, jointly and severally, in a sum of compensatory and/or punitive damages in excess of the jurisdictional limits of this Court, which will fairly and adequately compensate Young for the damages and injuries she sustained, together with interest from the date of the incident and the costs of the proceeding.

## COUNT IV

### DECEIT (PURSUANT TO ALA. CODE §§ 6-5-103 & 104)

45.     Young adopts and incorporates Paragraphs 1–44 above as if set forth herein.

46.     The counterclaim defendants purposefully deceived Young when they misrepresented, asserted, and/or suggested, that Espoir was born in 2005 and/or suppressed Espoir's actual date of birth.

47.     The counterclaim defendants did so intent to induce Young to purchase Espoir.

48.     Espoir's date of birth was a material fact in the transaction and Young relied upon the counterclaim defendants' misrepresentation.

49.     Young incurred damage as a proximate result of her reliance.

WHEREFORE, Young demands judgment against the counterclaim defendants, jointly and severally, in a sum of compensatory and/or punitive damages in excess of the jurisdictional limits of this Court, which will fairly and adequately compensate Young for the damages and injuries she sustained, together with interest from the date of the incident and the costs of the proceeding.

## COUNT V

### NEGLIGENT, RECKLESS, WILLFUL
### AND/OR WANTON MISREPRESENTATION

50.     Young adopts and incorporates Paragraphs 1–49 above as if set forth herein.

51.     The counterclaim defendants falsely represented to Young that Espoir was born in 2005.

52.     The counterclaim defendants owed Young a duty to report and provide accurate information regarding Espoir's date of birth.

53.     The counterclaim defendants negligently, recklessly, willfully, and/or wantonly made this representation and breached the duty owed to Young.

54.     Young suffered damage as a proximate result of the counterclaim defendants' negligent, reckless, willful and/or wanton representation.

WHEREFORE, Young demands judgment against the counterclaim defendants, jointly and severally, in a sum of compensatory and/or punitive damages in excess of the jurisdictional limits of this Court, which will fairly and adequately compensate Young for the damages and injuries she sustained, together with interest from the date of the incident and the costs of the proceeding.

## COUNT VI

### VIOLATION OF THE ALABAMA
### DECEPTIVE TRADE PRACTICES ACT

55.     Young adopts and incorporates Paragraphs 1–54 above as if set forth herein.

56.     Section 8-19-10 of the Alabama Code provides a private right of action for unlawful trade practices enumerated in Section 8-19-5 of the Alabama Code.

57.     Espoir was registered with the USEF using a false date of birth.

58.     The counterclaim defendants falsely represented to Young that Espoir was born in 2005.

59.     Young purchased Espoir from the counterclaim defendants relying upon the counterclaim defendants' false representations and false USEF information provided by the counterclaim defendants.

60.     The counterclaim defendants' false representations constitute deceptive acts or practices in the conduct of any trade or commerce that are declared to be unlawful by Section 8-19-5 of the Alabama Code.

61.     Young suffered damage as a proximate result of the counterclaim defendants' deceptive acts and/or practices.

62.     Young and her representatives, on numerous occasions, have made a written demand upon the defendants that reasonably described the unfair or deceptive act or practice relied upon and the injury suffered.

WHEREFORE, Young demands judgment against the counterclaim defendants, jointly and severally, in a sum of compensatory and/or punitive damages in excess of the jurisdictional limits of this Court, which will fairly and adequately compensate Young for the damages and injuries she sustained, together with interest from the date of the incident and the costs of the proceeding. Young also demands attorney's fees and all damages recoverable under Section 8-19-10 of the Alabama Code.

## COUNT VII

## BREACH OF IMPLIED WARRANTY OF
## FITNESS FOR A PARTICULAR PURPOSE

63.     Young adopts and incorporates Paragraphs 1–62 above as if set forth herein.

64.     Alabama's version of the U.C.C., Ala. Code § 7-2-315, provides for an implied warranty of fitness for a particular purpose.

65.     The counterclaim defendants, at the time of contracting, knew or had reason to know that Young had a particular purpose for which she required Espoir. As discussed *supra*, Young had a plan to show horses in Wellington, Florida and throughout Europe. Further, Young intended to show Espoir in the Young Horse Division in the age group appropriate for a horse born in 2005.

66.     Young relied upon the counterclaim defendants' representations regarding suitability of Espoir for that purpose; specifically, Espoir's date of birth.

67.     Young relied upon the counterclaim defendants' skill or judgment to select or furnish a suitable horse within the requisite age range and experience.

68.     The counterclaim defendants have refused Young's demands to remedy the situation.

69.     The counterclaim defendants breached the implied warranty of fitness for a particular purpose when they falsely represented Espoir's age and provide a horse too old and inexperienced for Young's particular purpose.

70.     Young is unable to use Espoir for the particular purpose.

71.     As a direct and proximate result of the counterclaim defendants' breach of the implied warranty of fitness for a particular purpose, Young has been damaged.

WHEREFORE, Young demands judgment against the counterclaim defendants, jointly and severally, in a sum of compensatory and/or punitive damages in excess of the jurisdictional limits of this Court, which will fairly and adequately compensate Young for the damages and injuries she sustained, together with interest from the date of the incident and the costs of the proceeding.

## COUNT VIII

### NEGLIGENT AND/OR WANTON SUPERVISION OR TRAINING

72.     Young adopts and incorporates Paragraphs 1–71 above as if set forth herein.

73.     Counterclaim Defendants Westminster and Paramore owed a duty to reasonably train and/or supervise their employees, agents, and/or independent contractors such as Kocher and Ashley Kocher.

74.     Counterclaim Defendants Westminster and Paramore negligently and/or wantonly failed to supervise and/or train their employees, staff, or independent contractors who worked on or at the Westminster and Paramore premises such as Kocher and Ashley Kocher.

75.     Counterclaim Defendants' negligent and/or wanton failure to carry out said duty included, but was not limited to, the failure to train their employees, staff or independent contractors, such as Kocher and Ashley Kocher, in proper procedures to ensure that individuals given service at Westminster and Paramore were given adequate disclosure of pedigree, lineage, birth, and/or registration records and not induced and/or given misrepresentations as a way to increase the level of business being conducted on Westminster and Paramore premises.

76.     Counterclaim Defendants Westminster and Paramore served as the employer and/or master of their employee, staff, or independent contractor who negligently, wantonly, and/or fraudulently performed business services and/or maintained and/or disclosed pedigree, lineage, birth, and/or registration records at or about the Westminster and Paramore premises, which included taking of Young's money for their own benefit and/or gain.

77.     Such conduct was the proximate cause of Young's injuries and damages.

WHEREFORE, Young demands judgment against the counterclaim defendants, jointly and severally, in a sum of compensatory and/or punitive damages in excess of the jurisdictional limits of this Court, which will fairly and adequately compensate Young for the damages and injuries she sustained, together with interest from the date of the incident and the costs of the proceeding.

## COUNT IX

### NEGLIGENCE AND/OR WANTONNESS

78.     Young adopts and incorporates Paragraphs 1–77 above as if set forth herein.

79.     The counterclaim defendants owed Young a duty to reasonably disclose, maintain, transfer, and/or convey pedigree, lineage, birth, and/or registration records for Espoir.

80.     The counterclaim defendants negligently and/or wantonly breached the duty owed to Young when they provided to Young and/or referenced in the bill of sale USEF records which contain a false date of birth for Espoir.

81.     Such conduct was the proximate cause of Young's injuries and damages.

WHEREFORE, Young demands judgment against the counterclaim defendants, jointly and severally, in a sum of compensatory and/or punitive damages in excess of the jurisdictional limits of this Court, which will fairly and adequately compensate Young for the damages and injuries she sustained, together with interest from the date of the incident and the costs of the proceeding.

## COUNT X

## BREACH OF CONTRACT

82.     Young adopts and incorporates Paragraphs 1–81 above as if set forth herein.

83.     The counterclaim defendants entered into a contract with Young on or about July 20, 2012.

84.     The material terms of the contact described the goods to be purchased through incorporation of information contained with the horses' USEF registration numbers. One USEF registration number provided describes a gelding Belgian Warmblood born in 2005.

85.     The counterclaim defendants have breached the contract through nonperformance because they have not provided to Young a gelding Belgian Warmblood born in 2005.

86.     Such conduct constituting breach of contract was the proximate cause of Young's injuries and damages.

WHEREFORE, Young demands judgment against the counterclaim defendants, jointly and severally, in a sum of compensatory, expectation, special, and/or punitive damages in excess of the jurisdictional limits of this Court, which will fairly and adequately compensate Young for the damages and injuries she sustained, together with interest from the date of the incident and the costs of the

26

proceeding. In the alternative, Plaintiff demands all equitable relief the Court deems necessary, including, but not limited to, rescission of the contract.

## COUNT XI

### UNJUST ENRICHMENT

87.     Young adopts and incorporates Paragraphs 1–86 above as if set forth herein.

88.     The counterclaim defendants knowingly accepted and retained benefits—specifically, VDL Zulu Time and monies—from Young.

89.     As a result of the benefits provided, Young has a reasonable expectation to receive the benefit of her bargain with the counterclaim defendants and/or recovery of the benefits.

90.     The counterclaim defendants' actions and inactions proximately caused Young to suffer a detriment, and the counterclaim defendants have received a benefit as a result. Justice demands the repayment by the counterclaim defendants of Young's loss.

WHEREFORE, Young demands judgment against the counterclaim defendants, jointly and severally, in a sum of compensatory and/or punitive damages in excess of the jurisdictional limits of this Court, which will fairly and adequately compensate Young for the damages and injuries she sustained, together with interest from the date of the incident and the costs of the proceeding.

27

## COUNT XII

### CONVERSION

91.     Young adopts and incorporates Paragraphs 1–90 above as if set forth herein.

92.     As a result of the wrongful acts more fully described herein, the counterclaim defendants took possession and/or remain in possession of VDL Zulu Time.

93.     Such action(s) constitutes wrongful taking, an illegal assumption of ownership, an illegal use or misuse of Young's property, or a wrongful detention or interference with Young's property.

94.     Young has been damaged as a proximate result of the counterclaim defendants' actions.

WHEREFORE, Young demands judgment against the counterclaim defendants, jointly and severally, in a sum of compensatory and/or punitive damages in excess of the jurisdictional limits of this Court, which will fairly and adequately compensate Young for the damages and injuries she sustained, together with interest from the date of the incident and the costs of the proceeding.

## COUNT XIII

### CONSPIRACY

95.    Young adopts and incorporates Paragraphs 1–94 above as if set forth herein.

96.    As set forth *supra*, the counterclaim defendants acted in concert or materially aided each other and others in a conspiracy to accomplish the acts set forth *supra* by unlawful, oppressive, or immoral means.

97.    The counterclaim defendants acted in concert or materially aided each other and others in committing an overt act in furtherance of the conspiracy.

98.    Such conduct was the proximate cause of Young's injuries and damages.

WHEREFORE, Young demands judgment against the counterclaim defendants, jointly and severally, in a sum of compensatory and/or punitive damages in excess of the jurisdictional limits of this Court, which will fairly and adequately compensate Young for the damages and injuries she sustained, together with interest from the date of the incident and the costs of the proceeding.

### JURY DEMAND

Young respectfully demands a trial by a jury of all counts and issues.

Respectfully submitted,

*/s/ T. Dylan Reeves*
T. Dylan Reeves

Attorney for Defendant Caroline Young

**OF COUNSEL:**

HASKELL SLAUGHTER YOUNG & REDIKER, L.L.C.
2001 Park Place, Suite 1400
Birmingham, Alabama 35203
Telephone:  (205) 251-1000
Facsimile:  (205) 324-1133
E-mail: tdr@hsy.com

## CERTIFICATE OF SERVICE

I certify that on January 4, 2013, a copy of the foregoing was served by CM/ECF electronic filing and/or U.S. mail on the following parties and/or counsel of record:

Andrew Kocher
4002 Hanover Court
Tuscaloosa, AL 35406

Ashley Kocher
4002 Hanover Court
Tuscaloosa, AL 35406

Westminster Farms, L.L.C.
c/o Jerry M. Morrison
Registered Agent
6168 Watermelon Road
Northport, AL 35473

Paramore Farms, Inc.
c/o Ashley Elliott
Registered Agent
13992 Prince William Way
Northport, AL 35475

/s/ T. Dylan Reeves
Of Counsel

4705997_1